<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed / Docketed
November 3, 2008

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KIRKLAND, TONY L., | ) | Case No. 08-10949-R |
| | ) | Chapter 7 |
| **Debtor,** | ) | |
| | ) | |
| LAURIE ANN KIRKLAND, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Adv. No. 08-1046-R |
| | ) | |
| TONY L. KIRKLAND, | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

Before the Court is the Plaintiff's Motion for Summary Judgment and Brief in Support (Adv. Doc. 19) ("Motion") filed by Plaintiff Laurie Ann Kirkland ("Plaintiff") on October 3, 2008, and the response filed by Defendant/Debtor Tony L. Kirkland ("Debtor") on October 29, 2008.

**I.    Jurisdiction**

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a) and 157(b)(2)(I), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**II.    Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056. The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir. 2002), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the movant has met its initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Spaulding, 279 F.3d at 904, *citing* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Liberty Lobby, 477 U.S. at 248. The non-moving party may not simply rest upon its pleadings to satisfy its burden. Liberty Lobby, 477 U.S. at 256. Rather the non-moving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Mitchell v. City of Moore, 218 F.3d 1190, 1197 (10th Cir. 2000), *quoting* Adler, 144 F.3d at 671. To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (quotations and citation omitted).

In this case, if the Plaintiff, as the party who would bear the ultimate burden of proof and persuasion at trial, establishes each element of her claim with admissible evidence, then the burden shifts to the Debtor to establish, with admissible evidence, that a material fact is in dispute which would require a trial.

### III. Contentions of the Parties

The Plaintiff seeks an order declaring that debts owed to her by the Debtor which were established in a divorce decree are non-dischargeable pursuant to 11 U.S.C. § 523(a)(5) and (a)(15). The Debtor contends that the debts are not excepted from discharge.

### IV. Record on Summary Judgment

The Debtor has not disputed any of the facts set forth in the Plaintiff's Statement of Undisputed Material Facts, and has not objected to the admissibility of any of the documents attached to the Plaintiff's Motion. Thus, the following facts are uncontested.

The Plaintiff and the Debtor were divorced by virtue of a Decree of Dissolution of Marriage entered by the Tulsa County District Court on February 1, 2008 (the "Decree"). Plaintiff's Exhibit A. The Decree provides that the Plaintiff is awarded judgment against the Debtor as follows:

- A. $2049.74 in reflection of [Plaintiff's] overpayment on the lake property;

- B. $3750.00 in reflection of [Plaintiff's] overpayment on the marital residence;

- C. $4540.15 in reflection of [Plaintiff's] payments for the loss on the sale of the marital residence;

- D. $2766.00 in reflection of child support arrearages; [and]

- E. $2200.00 in reflection of the deficiency paid by [Plaintiff] on the vehicle driven by the parties' child.

In addition, the Decree provided that Plaintiff was awarded a 1988 Baja Boat and boat lift subject to a later valuation, and if the value was less than $6000, the Plaintiff would have a judgment against the Debtor for the difference. The Decree also provided that the Plaintiff

3

was entitled to $2397.18 from the Debtor's retirement account, which was to be accomplished through a Qualified Domestic Relations Order.

Following the entry of the Decree, the Plaintiff filed an Application to Fine and to Tax Attorney Fees and Costs Against Petitioner [Debtor] in the Tulsa County District Court, requesting that the Debtor be ordered to pay the Plaintiff $15,838.00 to reimburse her for attorney's fees she incurred in the divorce proceeding. Plaintiff's Exhibit C. The application has not yet been addressed by the divorce court. The Debtor listed the Plaintiff's attorney as a contingent creditor on his Schedule F in the amount of $16,000.

## V.    Conclusions of Law

Section 523(a)(15) of the Bankruptcy Code excepts from discharge debts owed to a "former spouse . . . of the debtor that is not [a domestic support order] . . . that is incurred by the debtor in the course of a divorce or separation or in connection with the separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15). Debts established by a domestic support order are also excepted from discharge under Section 523(a)(5) of the Bankruptcy Code.

The judgment for child support arrearage established by the Decree and any child support that accrued prior to the Debtor's bankruptcy is non-dischargeable under Section 523(a)(5). Because all the judgments for specific amounts of money set forth in the Decree constitute debts owing to a former spouse that were incurred in the course of the parties' separation and divorce, none of the money judgments are dischargeable. See 11 U.S.C. § 523(a)(15). Further, the Plaintiff's application for attorney's fees states a contingent claim for additional debt that, when and if reduced to judgment, will also be owed to a former

spouse and incurred in connection with the separation and divorce, and thus, also excepted from discharge.  Id.

The Court notes that the Debtor's response to the Plaintiff's Motion consisted of copies of his Answer to the Plaintiff's complaint, the Divorce Decree, and the parties' Form W-2s and 1099s for the year 2007.  Prior to October 17, 2005, Section 523(a)(15) required the Court to weigh the benefit to the debtor of discharging non-support debts related to a divorce against the detriment the discharge would have on the former spouse, and thus the relative earning power of the parties was relevant to the analysis.  With respect to all bankruptcy cases filed after October 17, 2005, however, the Court no longer has discretion to weigh the parties' financial conditions in determining whether non-support debts are dischargeable.  The current law provides that debts owed to a former spouse that were incurred in the course of separation and divorce are simply not dischargeable.

The Plaintiff has met her burden of establishing each element of Section 523(a)(15) and the Debtor has not articulated any affirmative defense thereto or raised any genuine issue of material fact warranting a trial.

**VI.   Conclusion**

For the reasons stated herein, the Motion is granted.   A separate judgment in favor of the Plaintiff will be entered contemporaneously herewith.

**SO ORDERED** this 3rd day of November, 2008

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE