NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed / Docketed
December 11, 2008

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **KIRKLAND, TONY L.,** | ) | Case No. 08-10949-R |
| | ) | Chapter 7 |
| **Debtor,** | ) | |
| | ) | |
| **LAURIE ANN KIRKLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Adv. No. 08-1046-R |
| | ) | |
| **TONY L. KIRKLAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED APPLICATION FOR ATTORNEY FEES AND COSTS

Before the Court is the Amended Application for Attorney Fees and Costs and Notice and Opportunity for Hearing ("Application") filed by Plaintiff Laurie Ann Kirkland on November 14, 2008 (Adv. Doc. 26). The Defendant has not filed a response to the Application.

In the Application, Plaintiff requests a judgment for attorney fees and costs incurred in successfully prosecuting her Complaint to Determine Dischargeability of Debt, citing Section 523 of the Bankruptcy Code as authority for an award of such fees and costs.

Under the American Rule, a "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser," unless fee shifting is authorized by statute or an

enforceable contract. Travelers Cas. and Sur. Co. v. Pacific Gas & Elec. Co., 127 S.Ct. 1199, 1203 (2007) (quotations and citations omitted).

Section 523(d) of the Bankruptcy Code provides that a debtor who prevails in defending against a claim by a creditor seeking to except a consumer debt from discharge under Section 523(a)(2) may be awarded reasonable attorney's fees. See 11 U.S.C. § 523(d). In this case, however, Plaintiff is not the debtor, and she did not pursue a claim under Section 523(a)(2). Thus, Section 523(d) does not apply. Section 523 does not authorize the award of attorney fees to a prevailing creditor, and the Court is not aware of any other statutory or contractual authority for an award of fees in this case.

Bankruptcy Rule 7054(b) provides that the Court may allow costs to the prevailing party. The Court finds and concludes that it is appropriate to tax costs against the Defendant in the amount of $250.00.

The Application is therefore granted in part and denied in part. A separate judgment will be entered contemporaneously herewith.

**SO ORDERED** this 11th day of December, 2008.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE